[No. C.D. 3642.   En Banc.   May 28, 1970.]

*In the Matter of the Disciplinary Proceedings Against* HENRY P. OPENDACK, *an Attorney at Law.**

*Douglas M. Fryer,* for Board of Governors.

FINLEY, J.—In these disciplinary proceedings, the Washington State Bar Association charged Henry Opendack, a practicing attorney in the Seattle-King County area, with 19 items of alleged misconduct violative of acceptable standards for the practice of law. The Local Administrative Committee sought the assistance of Mr. Opendack in providing information deemed pertinent concerning the items of alleged misconduct. After some trouble and delay in obtaining this cooperation, the committee held a hearing. Mr. Opendack appeared without counsel and represented himself at the hearing.

The 19 complaints or counts against respondent attorney can be grouped into several categories. Counts 1, 2, 3, 5, 6, 8, 9, 10, and 12 generally charge that he accepted retainers in several criminal matters and, on occasion, as to these matters, he failed to appear in court; and on other occasions that his conduct was dilatory and inconsistent with acceptable professional standards in trial matters, bail reduction hearings, and applications for writs. It was also alleged that he had an improper attitude toward clients, including a failure to make clear and definite arrangements for handling cases, a failure to respond to legitimate inquiries of clients, a failure to advise clients as to the opinions respondent had formed as to their cases, and a generally disdainful or discourteous attitude.

Count 7 charged that respondent agreed to pay certain medical bills out of a tort recovery and failed to make this payment until a lawsuit was filed and trial was imminent. Count 8 charged that Mr. Opendack improperly failed to

*Reported in 470 P.2d 187.

discourage or restrain a client's mother from using political pressure on a federal judge to secure the client's release on bail. Count 11 charged that respondent failed to reply to the Local Administrative Committee investigating the complaints. Seven further counts dealt with respondent's dilatory conduct in handling criminal appeals before the Washington Supreme Court.

The hearing panel dismissed counts 1, 4, 6, and 10 for lack of evidence after becoming convinced that the Bar Association had not proved these counts dealing with criminal trials and preliminary proceedings by a preponderance of the evidence; however, as to these matters the hearing panel made no specific findings. Count 7 was dismissed over the objection of counsel for the State Bar Association. After making findings on the other counts, the hearing panel recommended a reprimand for failure to cooperate with the Local Administrative Committee and a censure regarding five of the counts dealing with appeals to the Washington Supreme Court.

The Board of Governors made a study of the complete transcript after counsel for the Bar Association opposed the findings of the hearing panel. This was pursuant to former DRA 10 B. The board made specific findings of fact and concluded that respondent had violated CPE 1, 8, 11, 16, 17, 21, 29, 31 and 44; DRA 3 B, C, J, and M and paragraphs 3 and 6 of APR 5G (the oath of office of attorneys practicing law in Washington). The Board of Governors recommended suspension from the practice of law for a period of 60 days.

It should be noted that Mr. Opendack filed no objection to the findings of the Board of Governors and no brief in the Supreme Court in reply to the brief filed by the Bar Association. Furthermore, he did not appear personally and was not represented by counsel at the time of oral argument on this matter in the Supreme Court.

It should also be noted that Mr. Opendack was reprimanded in a previous disciplinary proceeding involving complaints of unprofessional conduct closely approximating a number of those involved in the present proceedings.

Certain members of the Supreme Court feel quite strongly that by his attitude and continuing course of conduct, Mr. Opendack has clearly demonstrated professional unfitness for the practice of law in this state, and that he should be disbarred. However, the majority accept the recommendation of the Board of Governors that Mr. Opendack should be suspended for 2 months.

One further matter remains. The Bar Association has submitted a bill for costs in this matter totaling $1,785.79.

DRA 7.1 (c) and (d), rules of disciplinary proceedings for attorneys provides:

> (c) *Assessment by Supreme Court.* If the Supreme Court directs such censure or reprimand, it shall, in its judgment, fix the amount of the costs and expenses to be paid by the respondent attorney as it shall deem just, together with the terms and conditions of the payment thereof.

> (d) *Assessment Upon Suspension or Disbarment.* In all cases in which the Disciplinary Board recommends suspension or disbarment, the said statement of costs and expenses shall be served on the respondent attorney at the time he is notified of the recommendation of the Disciplinary Board, and it shall be made a part of the record sent to the Clerk of the Supreme Court, together with any exceptions thereto by the respondent attorney, which exceptions shall be filed within ten (10) days after the service of the statement of costs and expenses upon the respondent attorney.

Accordingly, the costs of the disciplinary proceedings are assessed against Mr. Opendack and he shall not be reinstated until such time as the costs are paid in full.

It is so ordered.

HUNTER, C. J., ROSELLINI, HAMILTON, HALE, NEILL, McGOVERN, and STAFFORD, JJ., concur.